Green, J.
delivered the opinion of the court.
This is an action of assumpsit by Hill, surviving partner of F. Porterfield & Co., as the last endorser of a note drawn by Joseph Litton, for $787 56, dated 4th day of April, 1832, payable four months after date, at the office of discount and deposite of the bank of the United States at Nashville to the defendant John Bostick, who was the first en-derser. This note fell due 4-7th of August, and was renewed by a note for the same amount, dated the 4th of August, and endorsed by Hill and Porterfield. When the first note fell due, Litton applied to Bostick to endorse another note to renew it, which he refused to do. Porterfield also refused to endorse, unless Bostick would become the first endorsor. Hill afterwards agreed to endorse, provided Bos-tick should be held responsible on the first note. This was agreed to between Hill and Litton, and the first note was protested, and the necessary steps were taken to fix Bostick’s liability. The second note was given to meet the first note, and Hill endorsed the second note upon condition, that he would hold Bostick liable on the first note. Bostick was absent and knew nothing about this agreement. The first note was paid by Porterfield, when it fell due, and was delivered to him by the bank, and he charged Litton with the payment, and afterwards credited him with the proceeds of the second note. The court, among other things, charged the jury that, 1st. If they found from the evidence that the second note drawn by Litton was discounted in bank, and the proceeds applied by Hill or Porterfield to the payment of *415 the note endorsed by Bostick, the endorser is discharged. 2. If they found from the evidence that the note endorsed Bostick was not paid, but that the second note was given by r . , „ , . Litton to renew the first, or that it was a new security given for the original debt by Litton, though the renewal was made or note given with a reservation to Hill or Porterfield, that Bostick, the endorser, was still to be responsible to Porter-field or Hill upon his endorsement on,the first note; still, if the renewal was made, or the note given, without the concurrence of Bostick, he is discharged. 3. Or if, from the evidence you find that the holder of the first note contracted with Litton, the drawer, to give time and not to sue, and that contract was made upon a good and valid consideration in law, then the endorser would be discharged. To the first part of the charge, exception is taken, but we think without reason. The second note was drawn by Litton; Hill and Porterfield were his accommodation endorsers, and the note was negotioted for the benefit of Litton, and the proceeds applied to Porterfield, who bad paid the first note. Then the judge was right in saying, that “if the proceeds of the second note were applied to the. payment of the first, Bostick was discharged.
The chief objection, however, is urged against that part of the charge contained under the second head. It is insisted, 1st. That the taking a new security does not discharge an endorser, unless time be given. 2d. That if such were the law in ordinary cases, where no stipulation was made, still that such would not be the effect in this case, because of the express stipulation that Bostick was to remain liable.
It is certainly true, that if the holder of a note take a fresh security and agree to give time, he thereby discharges the endorsers. If there be no express agreement for time, but a further security, payable at a future time is received, that would in general imply an engagement to wait till it becomes due. Chitty on Bills, 441-2, (8th edit.) The plaintiff’s counsel attempt to show, and argue very ingeniously, that the second note was negotiated in discharge of Porterfield’s liabilities only, and that both Litton and Bostick continued to be liable to him on the first note, and that be was under no ob *416 ligation to wait with either the drawer or first endorser, hav- ° . ...... expressly stipulated that they should still remain liable on the first note. The facts of the case, however, don'otjus-tify this position. It is true there was a stipulation that Bos-tick was to remain liable, but there is no proof that such was the understanding as to Litton. He had drawn the second note, and when the money was received, he was credited on the books of Porterfield with the proceeds. So far from their being any intention to proceed against Litton, the very object of the second note was to give him time. Porterfield had paid the first note, the second note was negotiated for Litton’s benefit, and the money that was raised on it, belonged to him. Porterfield so treated it, by giving credit for it on his books, thus applying it to the payment of the sum he had advanced on the first note. What claim, after this, could he have against Litton, upon the first note? We think none at all; at any rate, he could not have sued Litton until the second note fell due. It is true, if Porterfield had advanced his own money in payment of the first note, or if he had made any other arrangement, so that the liability of Litton should not be discharged or suspended, he might have preserved his remedy against Bostick. But according to the facts of this case, Porterfield had no right to proceed against Litton, until after the second note fell due, because the second note was executed by Litton to renew the first, and no such right was reserved in the contract with Hill, its stipulation having relation to Bostick alone. In this view of the case, Bostick the endorser is discharged, for although the the execution of the second note by Litton might not extinguish the debt against him, yet it suspended Porterfield’s remedy against him, until the second note was dishonored. Chitty on Bills, 195; (8th edit.) Theo. on Sur. 287-8.
The plaintiff’s urge their claim to a recovery, principally upon the ground of the contract, that Bostick should still be held liable. The argument proceeds, however upon the supposition, that the legal effect of the whole arrangement was, that Litton and Bostick should both continue to be liable to be sued, at any time, upon the first note. This *417 it Isas been shown is a mistaken view of the facts and of the legal consequences from them.
The question, therefore, is reduced to the consideration of the legal effect of the reservation of the liability of Bos-tick, the endorser, in the contract between Litton and Hill. We think this reservation could not effect the rights of the endorser. He was not present, nor assenting to it, and to say that he should be bound by it, would be to hold him to an obligation different from that to which he had assented, and would be inconsistent with the obligation of the surely. Theo. on Surety, 203-4. Upon the whole we think there is no error in this record, and that the judgment be affirmed.
Judgment affirmed.